IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>SCOTT ALLEN RENNINGER,<br>Defendant. | CASE NO.: 5:20-cr-00796<br><br>JUDGE JOHN R. ADAMS<br><br>**OBJECTION TO PRESENTENCE**<br>**INVESTIGBATION REPORT** |

Now comes Defendant, by and through undersigned counsel, and hereby files his objections to the expedited Presentence Investigation Report as follows.

### PARAGRAPH 1

The first paragraph of the expedited Presentence Investigation Report indicates that the Defendant was indicted on December 2, 2018. The correct date is December 2, 2020.

### PARAGRAPH 3

The report omits the additional agreement between the Government and Defendant in accordance with the Plea Agreement as follows.

1. The parties have agreed that the Defendant will not be obliged to pay any fines in this matter.

2. The Government does not oppose the Defendant entering the RDAP program and being placed in the Lewisburg Camp to participate in the RDAP program.

3. The Government and the Defendant stipulated that the offense of Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire is not a crime of violence.

## PARAGRAPH 18

The victim indicates she is entitled $17,520.00 for restitution. Prior to the Defendant entering his plea, Counsel for the Defendant and the Government had discussed whether there was any restitution. The Government advised counsel at that time that Holly Renninger was potentially requesting $500.00 in restitution, but the Government did not believe that she would be requesting that amount.

As supporting documentation to Paragraph 18, Mrs. Renninger provides a Victim Financial Statement, indicating that she had three months of missed work and counseling sessions. Mrs. Renninger provides no supporting documentation of her missed work. It is believed that Mrs. Renninger had PTO time to cover her missed work and health insurance to cover the cost of counseling.

Finally, the Defendant does not believe that he is obligated to pay this restitution amount as the couple has settled their divorce proceedings and Mr. Renninger has been paid the money she was owed. It is unclear in her letter whether she is requesting restitution for the time spent attending pretrials in the divorce case or meeting with her attorney. Either way, reimbursement for those costs are not appropriate for a restitution award.

## PARAGRAPH 20

On Wednesday, August 10, 2022, Counsel for the Defendant provided a statement to the probation officer which I believe was submitted after his final report. That statement is as follows:

> Dear Judge Adams, I accept full responsibility for my actions. This has been a very low point in my life, and I want to apologize to my family and especially my ex-wife, Holly. I know that my actions have hurt many people. I hope to be able to use my time left in this world to repair the damage that has been done.
>
> Scott Renninger

**PARAGRAPH 27**

The probation office states that the adjusted offense level is 37. The Defendant objects as he believes under sentencing guideline 5G1.1(A) there should be a reduction of seven points. Further, a reduction of three points for acceptance of responsibility for a total offense level of 30.

**PARAGRAPH 42**

The Defendant indicated that there were threats of physical punishment directed to him by his father only.

**PARAGRAPH 46**

The Defendant is 53 years old and not 54 as indicated in the Presentence Investigation Report.

**PARAGRAPH 67**

The Defendant would restate his objection to any requirement regarding paying restitution.

**PARAGRAPH 78**

Defendant objects to paragraph 78 of the Presentence Investigation Report. This paragraph indicates that the probation officer has not identified any factors that would be possible grounds for departure. The Defendant would reference Guidelines 5K2.20 as a potential departure. The Defendant feels he meets all requirements under Aberrant Behavior and is eligible for a departure. Further, Defendant believes that he is eligible for departure based on his age and lack of criminal record.

//

//

Defendant respectfully requests that this Honorable Court rule on each of the objections, sustaining them as addressed.

        Respectfully submitted,

        DICAUDO, PITCHFORD & YODER, LLC

        /s/ J. Reid Yoder
        J. Reid Yoder (0076587)
        209 S. Main Street, Third Floor
        Akron, Ohio 44308
        Telephone:   330.762.7477
        Facsimile:    330.762.8059
        Email:        ryoder@dpylaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 15, 2022, a copy of the foregoing was served upon counsel for all parties.

        /s/ J. Reid Yoder
        J. Reid Yoder (0076587)