UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:20-cr-00796 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| SCOTT ALLEN RENNINGER, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Docs. 138, 139, 140) |
| | ) | |

This matter is before the Court on the *Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 138) (the "Motion") filed by Defendant Scott Allen Renninger ("Renninger"). The United States of America filed a response in opposition (Doc. 139) and Renninger filed an additional reply (Doc. 140).

For the reasons stated below, the Motion is DENIED.

I.  BACKGROUND

A federal grand jury charged Renninger with one count of use of interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958. Doc. 9. Renninger pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement (Doc. 99). *See* Minutes of Proceedings, Docket Entry dated June 21, 2022.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 105. The PSI indicated Renninger had a total offense level of 37 and a criminal history category of I, therefore the advisory guideline range was 210–262 months, however, the statutory maximum sentence was 120 months. Doc. 105 at p. 12, ¶ 54. The total offense level was further reduced to 30 pursuant to the plea

agreement. Doc. 99 at p. 5. The Court ultimately accepted the binding plea agreement, which provided for a downward variance, and sentenced Renninger to a term of 72 months' imprisonment. Doc. 118.

After Renninger's sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his sentence to 59 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Renninger asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment provides an additional 2-level reduction because he has no criminal history points, therefore the advisory sentencing range now applicable to his case is 57–71 months. Doc. 138 at p. 3. Part B of Amendment 821 created a new U.S.S.G. § 4C1.1 that permits the Court to reduce the offense level by two (2) if:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

At the time of sentencing, Renninger's total criminal history points were zero (0). Doc. 105 at p. 7, ¶ 34. He now argues that the guidelines range should be adjusted because he would receive an additional two-level reduction based on his circumstances not falling under any of the

3

disqualifying factors listed in § 4C1.1. The Court finds that Amendment 821 applies to Renninger and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the circumstances of the case and the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted. *See Jones*, 980 F.3d at 1107. This is first due to the nature of the offense and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). Although Renninger had no criminal history, the offense in this case is egregious. In support of the Motion, Renninger cites the need to spend time with his family upon his early release. Doc. 138 at p. 3. However, Renninger's crime was wholly contrary to that sentiment – he sought to hire an individual to murder his wife of 30 years, who had recently filed for divorce. Doc. 105 at pp. 4–5, ¶¶ 7–17. The emotional and financial impacts on his victim further support this Court's belief that the sentence imposed is needed to provide adequate deterrence and protection from future crimes. Doc 105-1. Additionally, even if the guideline range had been different due to a lower offense level at the time of sentencing, the Court still would have accepted the binding plea agreement and imposed the 72-month sentence. The guidelines amendment would have had no effect on the sentence. *See Hughes v. United States*, 584 U.S. 675, 690 (2018) ("If the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower range, then the court retains discretion to deny relief.") At the time of sentencing, the Court imposed the binding 72-month sentence.

Given the facts and after consideration of the need for the sentence imposed to protect the public and offer adequate deterrence, the Court finds a reduction to Renninger's 72-month sentence is not warranted.

### III.      CONCLUSION

For the reasons stated above, the *Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 138) is DENIED.

Date:   September 12, 2024                              */s/ John R. Adams*
                                                                          JOHN R. ADAMS
                                                                          UNITED STATES DISTRICT JUDGE